**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

NEAL PATRICK O'FLAHERTY and
DYLAN KEITH O'FLAHERTY,

       Plaintiffs,

v.                                            Civ. No. 23-389-GJF

UNITED STATES MARSHALS SERVICE,
NEW MEXICO STATE POLICE,
TORRANCE COUNTY SHERIFF'S DEPARTMENT,
SEVENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
TORRANCE COUNTY,
STATE OF NEW MEXICO,
JOSE MARTIN RIVERA,
K.R. BALLARD,
CLINT WELLBORN,
ADAM GARCIA,
PAUL VELEZ, and
MANUEL WILLIAM SIGARROA,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint, Doc. 1, filed

May 5, 2023, and Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 2, filed May 5, 2023.

**Application to Proceed *in forma pauperis***

      The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiffs signed an affidavit stating they are unable to pay the costs of these proceedings and provided the following information: (i) Plaintiffs' average monthly income during the past 12 months is $1,000.00; (ii) Plaintiffs' monthly expenses total $700.00; and (iii) Plaintiffs have $0.00 in cash and no money in bank accounts. The Court finds that Plaintiffs are unable to pay the costs of this proceeding because they signed an affidavit stating they are unable to pay the costs of these proceedings and their low monthly income only slightly exceeds their monthly expenses.

**The Complaint**

This case arises in large part from the alleged warrantless entry into Plaintiffs' residence on May 4, 2021, by a task force consisting of members of the United States Marshals Service, the New Mexico State Police, and the Torrance County Sheriff's Office, and the subsequent allegedly warrantless arrest of Plaintiff Dylan O'Flaherty.  *See* Complaint at 5-6, ¶¶ 33-34. Plaintiffs assert civil rights, domestic terrorism, RICO and state-law tort claims against Defendants.

It appears the claims against the United States Marshals Service should be dismissed for lack of subject-matter jurisdiction.  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).  The Complaint does not contain a short and plain statement of the Court's jurisdiction over the claims against the United States Marshals Service as required by Fed. R. Civ. P. 8(a)(1).  *See High Lonesome Ranch, LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023) ("The United States is immune from suit unless Congress has expressly waived its sovereign immunity") (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)).

It also appears that the claims against the State of New Mexico and the New Mexico State Police should be dismissed for lack of subject-matter jurisdiction.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018).  There are no allegations in the Complaint indicating that the State of New Mexico has waived, or that Congress has abrogated, the State's Eleventh Amendment immunity.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity.  Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued").

The Complaint fails to state a claim against the Torrance County Sheriff's Department because it is not a separate suable entity.  "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Complaint fails to state a claim against the Seventh Judicial District Attorney's Office and District Attorney Clint Wellborn.    "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case."  *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).  The allegations in the Complaint indicate Defendant Wellborn was acting in the role of an advocate for the Seventh Judicial District Attorney Office's case.  *See* Complaint at 6, ¶¶ 35-36 ("Defendant Torrance County District Attorney/Defendant Clint Wellborn dismissed all charges related to this arrest on June 1, 2021, via *nolle prosequi*, in a manner nearly identical to the previous dismissal;" stating due diligence by Defendant Wellborn provided Wellborn and other Defendants "with the direct knowledge that Plaintiff Dylan O'Flaherty had already been subject to an order of *nolle*

4

*prosequi*").   Plaintiffs' allegation that Defendant Wellborn, along with other Defendants, removed court information associated with Plaintiff Dylan O'Flaherty's initial arrest from the "World Wide Web domain nmcourts.gov" does not suggest that Defendant Wellborn violated a right secured by federal law.  *See* Complaint at 6, ¶ 37.  Plaintiffs allege that Defendant Wellborn "engage[ed] in a warrantless home invasion" but do not assert any factual allegations regarding Defendant Wellborn's acts during the warrantless entry of Plaintiffs' home.

The Complaint fails to state a claim against Torrance County.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation."  *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. *754 Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).  There are no factual allegations that a Torrance County policy or custom was the moving force behind any alleged constitutional violations by County employees.

The Complaint contains vague allegations that Defendants Ballard and Rivera "engag[ed]" in a warrantless home invasion" but do not state with particularity what each Defendant did.  *See Nasious* (regarding requirements for stating a claim) and *Hall v. Bellmon* (regarding conclusory allegations) both of which are quoted below.

Defendants Garcia, Velez and Sigarroa "were/are employees of the University of Nevada, Las Vegas' University Police Services."  Complaint at 3, ¶ 16.  There are no allegations that Defendants Garcia, Velez and Sigarroa's alleged acts occurred in New Mexico.  There are no

allegations showing that the Court has personal jurisdiction over Defendants Garcia, Velez and Sigarroa, or that the District of New Mexico is the proper venue for Plaintiffs' claims against Defendants Garcia, Velez and Sigarroa.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (regarding *sua sponte* dismissals for lack of personal jurisdiction and improper venue "under § 1915, the district court may consider personal jurisdiction and venue *sua sponte* "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed. And the district court may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts to support personal jurisdiction or venue").

The Court orders Plaintiffs to show cause why the Court should not dismiss the claims for the reasons stated above.  If Plaintiffs assert that any claims should not be dismissed, Plaintiffs must file an amended complaint.

**Proceeding *in forma pauperis***

Plaintiffs are proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").  While many of the claims in the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiffs an opportunity to amend.

The Court notifies Plaintiffs that "to state a claim in federal court, a complaint must explain what *each* defendant did to [*each* Plaintiff]; when [*each*] defendant did it; how [*each*]

defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").  The amended complaint must state clearly what each Defendant did to each Plaintiff.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service of Summons and Amended Complaint on Defendants at this time because the Court is ordering Plaintiffs to file an amended complaint.  The Court will order service if Plaintiffs file: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se*

status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

      **IT IS ORDERED** that:

(i)      Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 5, 2023, is **GRANTED.**

(ii)     Plaintiffs shall, within 21 days of entry of this Order, show cause why the Court should not dismiss the claims in the Complaint for the reasons stated above and file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of those claims.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT