IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEAL PATRICK O'FLAHERTY and
DYLAN KEITH O'FLAHERTY,

        Plaintiffs,

v.                                                     No. 1:23-cv-00389-KWR-GJF

UNITED STATES MARSHALS SERVICE,
NEW MEXICO STATE POLICE,
TORRANCE COUNTY SHERIFF'S DEPARTMENT,
SEVENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
TORRANCE COUNTY,
STATE OF NEW MEXICO,
JOSE MARTIN RIVERA,
K.R. BALLARD,
CLINT WELLBORN,
ADAM GARCIA,
PAUL VELEZ, and
MANUEL WILLIAM SIGARROA,

        Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING CLAIMS
AGAINST UNITED STATES MARSHALS SERVICE AND
K.R. BALLARD IN HIS CAPACITY AS DEPUTY UNITED STATES MARSHAL**

        This case arises in large part from the alleged warrantless entry into Plaintiffs' residence on May 4, 2021, by a task force consisting of members of the United States Marshals Service, the New Mexico State Police, and the Torrance County Sheriff's Office, and the subsequent alleged warrantless arrest of Plaintiff Dylan O'Flaherty.  *See* Amended Complaint, Doc. 7, filed August 7, 2023.

        Plaintiffs, both of whom are proceeding *pro se*, assert civil rights claims pursuant to 42 U.S.C. § 1983, tort claims and R.I.C.O. claims against the United States Marshals Service and K.R. Ballard.  *See* Amended Complaint at 13.  Plaintiffs allege that Defendant "K.R. Ballard, in

his capacity on May 4, 2021 as a member of the Torrance County Sheriff's Office, also served a simultaneous/dual capacity as a Deputy United States Marshal of the United States Marshals Service." Amended Complaint at 3, ¶ 17.  Plaintiffs allege: The United States Marshals Service has "been unresponsive to written Tort Notice of Claim file within appropriate statute(s) of limitations" and "Prior to filing this action, Plaintiffs exhausted the administrative remedy on all claims pled hereunder."  Amended Complaint at 4, ¶¶ 18, 20.

> United States Magistrate Judge Gregory J. Fouratt notified Plaintiffs:
>
> As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).
>
> It appears the claims against the United States Marshals Service and Defendant Ballard should be dismissed for lack of subject-matter jurisdiction.  *See High Lonesome Ranch, LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023) ("The United States is immune from suit unless Congress has expressly waived its sovereign immunity") (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)); *Ashcroft v. Iqbal*, 556 U.S. at 675-76 (2009) (*Bivens* actions are the "federal analog" to Section 1983 actions); *Egbert v. Boule,* 596 U.S. 482, 491-93 (2022) *Egbert v. Boule,* 596 U.S. 482, 491-93 (2022) (stating that *Bivens* applies in only in limited cases and "recognizing a cause of action under *Bivens* is a disfavored judicial activity," setting forth a two-step analysis to determine whether courts should provide a damages remedy pursuant to *Bivens* and stating "our cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure"); *Lewis v. Westfield*, 2022 WL 16924177 (E.D.N.Y) (applying the *Egbert* analysis and concluding that the remedial schemes applicable to misconduct by U.S. Marshals Service personnel foreclosed *Bivens* actions against United States Deputy Marshals for alleged constitutional violations); *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances") (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

Order to Show Cause at 2-3, Doc. 10, filed November 8, 2023.  Judge Fouratt ordered Plaintiffs

> to show cause why the Court should not dismiss Plaintiffs' claims against the United States Marshals Service and Defendant Ballard in his capacity as a Deputy United States Marshal. If Plaintiffs assert the Court should not dismiss those claims, Plaintiffs must file a second amended complaint. A conclusory allegation that Plaintiffs exhausted administrative remedies is not sufficient. If Plaintiffs assert they have exhausted administrative remedies, the second amended complaint must contain factual allegations describing how and when they exhausted administrative remedies. Plaintiffs must also file copies of any notices of tort claims and indicate where and when they filed the notices of tort claims.

Order to Show Cause at 3. Plaintiffs did not show cause or file a second amended complaint by the December 29, 2023, deadline. *See* Order, Doc. 12, filed November 29, 2023 (granting Plaintiffs a one-month extension of time to respond to the Order to Show Cause).

The Court dismisses the claims against Defendant United States Marshals Service and Defendant K.R. Ballard in his capacity as a Deputy United States Marshal without prejudice because: (i) the Amended Complaint does not allege facts supporting jurisdiction over those claims; (ii) Plaintiffs did not show cause why the Court should not dismiss those claims; and (iii) Plaintiffs did not file a second amended complaint or otherwise respond to Judge Fouratt's Order to Show Cause. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that Plaintiffs' claims against Defendant United States Marshals Service and Defendant K.R. Ballard in his capacity as a Deputy United States Marshal are **DISMISSED without prejudice.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE