## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NEAL PATRICK O'FLAHERTY and
DYLAN KEITH O'FLAHERTY,

        Plaintiffs,

v.                                No. 1:23-cv-00389-KWR-GJF

UNITED STATES MARSHALS SERVICE,
NEW MEXICO STATE POLICE,
TORRANCE COUNTY SHERIFF'S DEPARTMENT,
SEVENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
TORRANCE COUNTY,
STATE OF NEW MEXICO,
JOSE MARTIN RIVERA,
K.R. BALLARD,
CLINT WELLBORN,
ADAM GARCIA,
PAUL VELEZ, and
MANUEL WILLIAM SIGARROA,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises in part from the alleged warrantless entry into Plaintiffs' residence on

May 4, 2021, by a task force consisting of members of the United States Marshals Service,[1] the

New Mexico State Police and the Torrance County Sheriff's Office, and the subsequent alleged

warrantless arrest of Plaintiff Dylan O'Flaherty.  *See* Complaint, Doc. 1, filed May 5, 2023.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiffs that the claims in the

Complaint should be dismissed for lack of jurisdiction or for failure to state a claim, ordered

---

[1] The Court has dismissed the claims against Defendant United States Marshals Service and
Defendant K.R. Ballard in his capacity as a Deputy United States Marshal without prejudice.
*See* Mem. Op. and Order, Doc. 13, filed January 16, 2024.

Plaintiffs to show cause why the Court should not dismiss those claims and ordered Plaintiffs to file an amended complaint. *See* Memorandum Opinion and Order, Doc. 4, filed June 12, 2023.

Plaintiffs, who are proceeding *pro se*, filed an Amended Complaint but did not file a response to Judge Fouratt's Order to Show Cause. *See* Doc. 7, filed August 7, 2024. The Amended Complaint asserts claims: (i) pursuant to 42 U.S.C. § 1983; (ii) civil conspiracy; (iii) concert of action; (iv) domestic terrorism; (v) false imprisonment; (vi) gross negligence and professional negligence; (vii) malicious prosecution; (viii) premises liability; and (ix) pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Amended Complaint at 13-16. Plaintiffs seek compensatory and punitive damages. *See* Amended Complaint at 17.

**Domestic Terrorism Claims**

Plaintiffs allege:

Defendants engaged in Domestic Terrorism, in violation of U.S. Code Title 22 Chapter 38, Section 2645f(d), which prohibits "*premeditated, politically motivated violence perpetrated against noncombatant targets*", in unlawfully invading the private residence of Plaintiffs' without a legal warrant or court order.

Amended Complaint at 14 (emphasis in original). Title 22, Foreign Relations, and Chapter 38, Department of State, do not contain "Section 2645f(d)." Plaintiffs appear to refer to 22 U.S.C. § 2656f(d)(2) which defines "terrorism" as meaning "premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents."

The Court dismisses Plaintiffs' claim pursuant to 22 U.S.C. § 2656f(d) for failure to state a claim. Section 2656f does not "prohibit" terrorism; it only requires that the Secretary of State transmit annual reports on terrorism with respect to certain foreign countries. *See* 22 U.S.C. § 2656f(a); *see also Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003) ("criminal statutes do not provide for private civil causes of action"); *Diamond v. Charles*, 476

U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**State of New Mexico and New Mexico State Police**

Judge Fouratt notified Plaintiffs that it appears that the claims in the original Complaint against the State of New Mexico and the New Mexico State Police should be dismissed for lack of subject-matter jurisdiction:

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

> *Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018).  There are no allegations in the Complaint indicating that the State of New Mexico has waived, or that Congress has abrogated, the State of New Mexico's Eleventh Amendment immunity.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued").

Order to Show Cause at 3-4.

The Amended Complaint alleges the State of New Mexico "has waived qualified immunity, effectively consenting to be sued and waiving New Mexico's Eleventh Amendment rights, providing Plaintiffs the opportunity to bring this suit before the Court" and refers to the New Mexico Civil Rights Act.  Amended Complaint at 3, ¶¶ 11-12.  The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights *of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added).   The New Mexico Civil Rights Act does not waive the State's sovereign immunity for suits brought in federal court.   *See Valdez v. Grisham*, 559 F.Supp.3d 1161, 1181 (D.N.M. 2021) (Vázquez, J.) (the waiver of sovereign immunity in the New Mexico Civil Rights Act "is limited to action commenced in 'any New Mexico district court'").

The Court dismisses the federal law claims against the State of New Mexico and the New Mexico State Police for lack of subject-matter jurisdiction because the Amended Complaint does not contain allegations showing that the State of New Mexico has waived, or that Congress has abrogated, the State of New Mexico's Eleventh Amendment immunity.

**Torrance County Sheriff's Department**

Judge Fouratt notified Plaintiffs the original Complaint fails to state a claim against the Torrance County Sheriff's Department:

> because it is not a separate suable entity.   "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."   *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

Order to Show Cause at 4.

The Court dismisses Plaintiffs' claims against the Torrance County Sheriff's Department for failure to state a claim upon which relief can be granted because there are no allegations in

4

the Amended Complaint showing that the Torrance County Sheriff's Department is a separate

suable entity.

**Torrance County**

Judge Fouratt notified Plaintiffs the original Complaint fails to state a claim against

Torrance County:

> "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a
> municipal employee committed a constitutional violation, and (2) a municipal
> policy or custom was the moving force behind the constitutional deprivation."
> *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014)
> (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th
> Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). "A
> 'single isolated incident' does not prove the existence of an unconstitutional
> policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105
> S.Ct. 2427, 85 L.Ed.2d 791 (1985)).   There are no factual allegations that a
> Torrance County policy or custom was the moving force behind any alleged
> constitutional violations by County employees.

Order to Show Cause at 5.

Plaintiffs now allege: "It is routine Torrance County custom and New Mexico custom for

law enforcement officials to feloniously disregard the guaranteed civil rights of New Mexico

citizens.   These customs are publicly documented in the press and well known."   Amended

Complaint at 10, ¶¶ 70-71.

The Court dismisses Plaintiffs' 42 U.S.C. §1983 claims against Torrance County for

failure to state a claim.  Plaintiffs' conclusory allegation that Torrance County has a custom to

disregard the civil rights of citizens does not give Torrance County fair notice of the facts

supporting Plaintiffs' allegation that Torrance County has a custom of disregarding the civil

rights of New Mexico citizens.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

("conclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal

Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing

that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim

is and the grounds upon which it rests . . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do").

**Seventh Judicial District Attorney's Office**

Judge Fouratt notified Plaintiffs that the original Complaint fails to state a claim against

the Seventh Judicial District Attorney's Office and District Attorney Clint Wellborn:

> "[A] prosecutor is entitled to absolute immunity for those actions that cast him in
> the role of an advocate initiating and presenting the government's case." *Mink v.
> Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).  The allegations in the Complaint
> indicate Defendant Wellborn was acting in the role of an advocate for the Seventh
> Judicial District Attorney Office's case.  *See* Complaint at 6,  ¶¶ 35-36
> ("Defendant Torrance County District Attorney/Defendant Clint Wellborn
> dismissed all charges related to this arrest on June 1, 2021, via *nolle prosequi*, in a
> manner nearly identical to the previous dismissal;" stating due diligence by
> Defendant Wellborn provided Wellborn and other Defendants "with the direct
> knowledge that Plaintiff Dylan O'Flaherty had already been subject to an order of
> *nolle prosequi*").  Plaintiffs' allegation that Defendant Wellborn, along with other
> Defendants, removed court information pursuant to Plaintiff Dylan O'Flaherty's
> initial arrest from the "World Wide Web domain nmcourts.gov" does not suggest
> that Defendant Wellborn violated a right secured by federal law.  *See* Complaint
> at 6, ¶ 37.  Plaintiffs allege that Defendant Wellborn "engage[ed] in a warrantless
> home invasion" but do not assert any factual allegations regarding Defendant
> Wellborn's acts during the warrantless entry of Plaintiffs' home.

Order to Show Cause at 4-5.

Plaintiffs now allege:

Defendant Wellborn's actions were not in the role of an advocate for the Seventh
Judicial District Attorney office.

Defendant Wellborn's actions were in subversion of the laws of the State of New
Mexico and the United States, and in furtherance of the deprivation of Plaintiffs'
legally guaranteed rights.

Defendant Wellborn, in engaging in deletion of public court records from nmcourts.gov, was not merely violating Plaintiffs' civil rights secured by law.

Further, Defendant Wellborn actively deceived and misled judges in this matter as to his destruction of these court records. In New Mexico is a felony.

Defendant Wellborn's actions were not those of an advocate for the County of Torrance, New Mexico, they were that of a felon.

Defendant Wellborns' [sic] negligent and criminal misconduct in these matters engaged in the destruction of previous legal decisions of a court of the State of New Mexico.

Body Worn Camera footage provided to Plaintiffs by Defendant Torrance County shows Defendant Wellborn at the scene of the crimes perpetrated and committed by all named Defendants in this matter on the date of May 4, 2021.

For the month immediately thereafter May 4, 2021, Defendant Wellborn oversaw what was a political imprisonment orchestrated by Defendants Garcia, Sigarroa, and Velez, without production of a warrant to Plaintiff Dylan O'Flaherty.

Defendant Wellborn oversaw this unlawful political imprisonment, and orchestrated for Defendant Torrance County to be responsible for directly unlawfully confining and detaining Plaintiff Dylan O'Flaherty without the production of an arrest warrant, and without remanding Plaintiff to the custody of Defendant United States Marshals Service, despite the fact that Defendant United States Marshals Service was legally responsible for the warrantless home invasion of Plaintiffs' home on May 4, 2021, as determined upon review by Defendant Torrance County, New Mexico.

Defendant Wellborn has also deprived Plaintiffs' [sic] of legally guaranteed rights through criminal intimidation from a direct subordinate of Defendant Wellborn's, James Harrington.

. . . Wellborn . . . [was] directly aware that Plaintiff Dylan O'Flaherty had already been subject to an order of *nolle prosequi* within the federal district overseen by this Court, the District of New Mexico, pursuant to charges that Plaintiffs immediately successfully contested lawfully within the applicable court.

. . . Wellborn oversaw the unlawful destruction of public records of the State of New Mexico in these matters, a fourth-degree felony in the State of New Mexico, and an unlawful deprivation of Plaintiffs' legally guaranteed civil rights.

Upon discovery of Plaintiffs' previous case dismissal via *nolle prosequi*, [Defendant Wellborn along with other Defendants] engaged in Civil Conspiracy and Concert of Action, in unlawfully removing from the World wide Web domain

_nmcourts.gov_ the details and court information pursuant to Plaintiff Dylan
O'Flaherty's initial arrest in New Mexico in April 2020.

Amended Complaint at 7-9, ¶¶ 45-57.

The Court dismisses Plaintiffs' 42 U.S.C. §1983 claims for damages against the Seventh

Judicial District Attorney's Office and District Attorney Clint Wellborn.  Plaintiffs' conclusory

and vague allegations in the Amended Complaint that Defendant Wellborn deprived Plaintiffs of

rights and orchestrated the deprivation of rights do not give fair notice of the facts supporting

Plaintiffs' allegation that Defendant Wellborn's actions were not in the role of an advocate.  _See_

_Hall v. Bellmon_, 935 F.2d 1106, 1110 (10th Cir. 1991) and _Bell Atlantic Corp. v. Twombly_, 550

U.S. 544, 555 (2007) (both quoted above); _Chilcoat v. San Juan County_, 41 F.4th 1196, 1210-11

(10th Cir. 2022) (prosecutor is entitled to absolute prosecutorial immunity for making false

statements in judicial proceedings) (quoting _Burns v. Reed_, 500 U.S. 478 (1991) and _Buckley v._

_Fitzsimmons_, 508 U.S. 259 (1993)).

**Racketeer Influenced and Corrupt Organizations**

Plaintiffs assert claims pursuant to the Racketeer Influenced and Corrupt Organizations

("RICO") Act stating:

> Defendants engaged in multiple predicate violations of Racketeer Influenced and
> Corrupt Organizations Act (RICO), in effecting the warrantless home invasion of
> Plaintiffs on May 4, 2021, on private property and premises owned lawfully by
> Plaintiffs, in furtherance of facilitating UNLV's "_unlawful, criminally retaliatory_
> _measures to coerce, harass, and intimidate_" Plaintiffs for whistle-blowing on
> ongoing UNLV Clery Act violations (National Youth Rights Association).

Amended Complaint at 16, ¶ 106 (emphasis in original).

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant
> "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of
> racketeering activity." _George v. Urb. Settlement Servs._, 833 F.3d 1242, 1248
> (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in
> 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts
> committed within ten years of each other. 18 U.S.C. § 1961(5).

....

According to the Supreme Court, a RICO pattern requires that the racketeering predicates relate to each other and amount to a threat of continued racketeering activity.
....

racketeering predicates relate to each other if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022).

The Court dismisses Plaintiffs' RICO claims for failure to state a claim because the Amended Complaint does not identify the predicate offenses under § 1961(1) upon which Plaintiffs base their RICO claims, or allege that the predicate offenses relate to each other and amount to a threat of continued racketeering activity. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 776 (10th Cir. 2014) (stating "Plaintiff's complaint totally fails to set forth a RICO claim. In particular, it makes no attempt to identify predicate offenses under § 1961(1), and we can discern none").

**Individual Defendants**

The Amended Complaint names the following Defendants in their individual capacities: (i) Jose Martin Rivera, a "public law enforcement official[] in Torrance County, New Mexico"; (ii) K.R. Ballard "of the Torrance County Sheriff's Office;" (iii) "Torrance County District Attorney" Clint Wellborn; (iv) Adam Garcia; (v) Paul Velez; and (vi) Manuel William Sigarroa. Amended Complaint at 4, ¶ 24; at 7, ¶¶ 42, 44. Defendants Garcia, Velez and Sigarroa are "employees of the University of Nevada, Las Vegas' University Police Services." Amended Complaint at 4, ¶ 25.

Plaintiffs filed this case on May 5, 2023.  *See* Complaint, Doc. 1.  Judge Fouratt notified Plaintiffs the Court would not order service unless Plaintiffs filed a motion for service which provides Defendants' addresses.  *See* Doc. 4 at 7, filed June 12, 2023.

Seven months after notifying Plaintiffs the Court would not order service unless Plaintiffs filed a motion for service, Judge Fouratt ordered Plaintiffs to show cause why the Court should not dismiss this case due to Plaintiffs' failure to file a motion for service which provides Defendants' address.  *See* Doc. 14, filed January 18, 2024.  Plaintiffs filed a Motion for Service and an Amended Motion for Service which provided Defendants' addresses.  *See* Doc. 16, filed February 12, 2024; Doc. 17, filed February 12, 2024.

Plaintiffs' Amended Motion for Service states Leigh Messerer, Assistant General Counsel for the New Mexico State Personnel Office, is the attorney for Defendants Rivera, Ballard and Wellborn, and James Martines, Chief General Counsel for the Nevada System of Higher Education, is the attorney for Defendants Garcia, Velez and Sigarroa.  *See* Doc. 17 at 2.

Judge Fouratt notified Plaintiffs that it does not appear that Leigh Messerer is an agent authorized by appointment or by law to receive service of process on behalf of Defendants Rivera, Ballard and Wellborn in their individual capacities and that it does not appear that James Martines is an agent authorized by appointment or by law to receive service of process on behalf of Defendants Garcia, Velez and Sigarroa in their individual capacities.  *See* Doc. 18 at 3, filed February 26, 2024.  After notifying Plaintiffs that service on Leigh Messerer and James Martines may result in the expenditure of valuable resources without effecting proper service in compliance with Rule 4 of the Federal Rules of Civil Procedure, Judge Fouratt ordered Plaintiffs:

> to show cause why the Court should serve process on Leigh Messerer on behalf of Defendants Rivera, Ballard and Wellborn and on James Martines on behalf of Defendants Garcia, Velez and Sigarroa.  If Plaintiffs assert that the Court should serve process on Leigh Messerer and James Martines on behalf of the individual

> Defendants, Plaintiffs must provide documentation clearly showing that Leigh
> Messerer and James Martines are agents authorized by appointment or by law to
> receive service of process on behalf of the individual Defendants.

Doc. 18 at 3-5 (notifying Plaintiff that failure to timely show cause may result in the Court dismissing the claims against Defendants Rivera, Ballard, Wellborn, Garcia, Velez and Sigarroa).

Plaintiffs' Response to Judge Fouratt's Order does not show cause why the Court should serve process on Leigh Messerer on behalf of Defendants Rivera, Ballard and Wellborn and on James Martines on behalf of Defendants Garcia, Velez and Sigarroa; Plaintiff's Response appears to be a complaint. *See* Doc. 20, filed March 25, 2024.   Plaintiffs attached a motion for service containing the addresses of Leigh Messerer and James Martines, and a letter from the National Youth Rights Association, dated June 16, 2020, to their Response, but did not provide any documentation showing that Leigh Messerer and James Martines are agents authorized by appointment or by law to receive service of process on behalf of the individual Defendants. *See* Doc. 20-1, 20-2, filed March 25, 2024.

The Court dismisses the claims against Defendants Rivera, Ballard, Wellborn, Garcia, Velez and Sigarroa without prejudice.   Rule 4 of the Federal Rules of Civil Procedure provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.   But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).   Plaintiffs have not timely provided addresses for service for those Defendants in their individual capacities or shown that Leigh Messerer and James Martines are authorized agents to receive service on behalf of those Defendants in their individual capacities.

The Court recognizes that dismissal without prejudice of this case may be equivalent to dismissal with prejudice because some of Plaintiff's claims, which are based on occurrences and omissions that occurred in and prior to May 2021, may now be barred by the statute of limitations.  *See* N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

"The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

The Court finds that dismissal of Plaintiffs' claims against the Individual Defendants is warranted.  Plaintiffs did not comply with Judge Fouratt's Orders to provide the Individual Defendants' addresses and did not comply with Judge Fouratt's Order to show that Leigh Messerer and James Martines are agents authorized by appointment or by law to receive service

of process on behalf of the Individual Defendants.  Plaintiff's failure to provide the addresses or show that Messerer and Martines are authorized agents interferes with the judicial process because this case cannot proceed against the Individual Defendants until the Court has personal jurisdiction over the individual Defendants.  *See* Fed. R. Civ. P. 12(b)(2) (listing lack of personal jurisdiction as a defense); *Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).  The Court finds that other sanctions short of dismissal would likely not be effective because Plaintiffs have not complied with Judge Fouratt's Orders.

**Conclusion**

The Court, having dismissed Plaintiffs' federal law claims, declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, dismisses Plaintiffs' state law claims without prejudice and dismisses this case without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").  Because it is dismissing this case, the Court denies Plaintiffs' Motion for Service, Doc. 16, filed February 12, 2024, and Plaintiffs' Amended Motion for Service, Doc. 17, filed February 12, 2024.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Plaintiffs' Motion for Service, Doc. 16, filed February 12, 2024, is **DENIED.**

(iii)      Plaintiffs' Amended Motion for Service, Doc. 17, filed February 12, 2024, is

**DENIED.**


_____/S/_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**